Steven L. Wittels, N.Y. Bar No. 2004635
Jeremy Heisler, N.Y. Bar No. 1653484
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, New York 10022
Telephone: (646) 723-2947
Facsimile:  (646) 723-2948
Law Office of Ronald P. Ackerman

David W. Sanford, D.C. Bar No. 457933
Angela Corridan D.C. Bar No. 492978
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7778
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Ronald P. Ackerman (Cal. SBN#159692)
**LAW OFFICE OF RONALD. P. ACKERMAN**
5855 Green Valley Circle
Ste. #102
Culver City, CA 90230
Telephone: (310)649-5300
Facsimile: (310)649-4045

Attorneys for the Plaintiffs Catherine White
and Minel Hider-Tobertga and the Class

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**IN RE Novartis Wage and Hour**                   :
**Litigation**                                     :          **1:06-md-1794 (PAC)**
                                                   :
-------------------------------------------------------x
*This Document Relates to:* **California Action**    :          <u>**FIRST AMENDED**</u>
                                                   :          <u>**COMPLAINT AND DEMAND**</u>
                                                   :          <u>**FOR JURY TRIAL**</u>
                                                   :
-------------------------------------------------------x

1.       Plaintiffs Catherine White and Minel Hider Tobertga ("Plaintiffs"), on behalf of themselves individually and on behalf of all others similarly situated (the "Class," defined below in paragraphs 57-58), by and through their attorneys, hereby complain and allege as follows:

**I.       OVERVIEW OF DEFENDANTS NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, NOVARTIS FINANCE CORPORATION AND NOVARTIS SERVICES, INC.'S  WRONGFUL <u>VIOLATIONS OF CALIFORNIA'S WAGE AND HOUR LAWS</u>**

2.       This class action lawsuit arises out of an ongoing wrongful scheme by Defendants Novartis Pharmaceuticals Corporation, Novartis Corporation, Novartis Finance Corporation, and Novartis Services, Inc.  (as required by the context, collectively referred to as "Novartis," "the Novartis Defendants," and "Defendant Novartis"), collectively a world leader in the research and development of health care products, to deny their employees the benefits due under California's wage and hour laws for work performed in California.  While Novartis' top management reaps millions of dollars in salary, bonuses and stock options, the company wrongfully refuses to pay the class of employees described below the overtime wages and other statutory benefits mandated by California law.

1

3.     In violation of California's wage and hour laws, Defendant Novartis routinely denies its non-exempt employees, like Plaintiffs and the Class, statutorily-mandated: a) compensation for overtime; (b) meal and paid rest periods; and (c) accurate itemized wage statements and accurate payroll records.

4.     Plaintiffs and members of the Class previously worked for, or continue to work for, Defendant Novartis throughout California as Sales Representatives (collectively "Class Members").  Since at least 2001 to present, the Plaintiffs and the Class have suffered common financial harm as their employer Novartis has violated, and continues to violate: (i) multiple provisions of California's wage and hour laws, including California Labor Code §§ 201, 202, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1194, and 2698 et seq.; (ii) the Unfair Competition Law ("UCL") codified in California Business and Professions Code §§ 17200, et seq.; and (iii) Industrial Welfare Commission ("I.W.C.") Wage Order 4-2001, incorporated into the California Code of Regulation.

5.     Defendant Novartis' wrongful acts against its Plaintiff-employees and the Class include the following: failing to pay overtime; failing to provide and permit a full and uninterrupted off-duty meal period every five hours during the workday; failing to authorize and permit ten-minute paid rest periods for every four hours worked; failing to furnish employees with timely wage statements accurately showing their total hours worked and applicable hourly rates; failing to record and maintain accurate and updated payroll records showing employees' total hours worked, the applicable overtime rates, the beginning and end of each work period, meal periods; and failing to pay workers owed wages after their employment ended.

2

6.     Defendant Novartis accomplishes its California Labor Law violations through systematic policies and wrongfully misclassifying "Sales Representatives" as exempt. "Sales Representatives" includes all persons who worked for Novartis Pharmaceuticals Corporation in the State of California as a Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Pharmaceuticals Corporation sales divisions or business units, including mass market, specialty, and select field forces from March 23, 2002 to the present.

**(A)    Novartis' Wrongful Workplace Conditions**

7.     From at least March 2002 to present (the "Class Period"), Defendant Novartis has maintained illegal work policies that uniformly affect the Class.  These policies require, encourage and/or permit Novartis' nonexempt Sales Representatives to perform their work in violation of California Labor Law under the following oppressive conditions: work in excess of eight (8) hours per day and in excess of forty (40) hours per week without overtime compensation; work in excess of five (5) hours per day without taking a full and uninterrupted off-duty meal break of at least one half hour; work in excess of ten (10) hours per day without taking a second full and uninterrupted off-duty meal break of at least one half hour; and work in excess of four hours without receiving a paid, ten (10) minute rest period every four (4) hours worked.

8.     Defendant Novartis has further required Plaintiffs and the Class to work without being provided timely itemized statements accurately showing the Sales Representative's total hours worked; without their employer maintaining accurate payroll records showing the hours worked daily by Sales Representatives; and without being paid

full compensation owed (including unpaid overtime) in a prompt and timely manner upon termination of employment.

**(B)**     **Statutory Damages and Penalties and Civil Penalties Owed to the Class**

9.     **Unpaid Overtime:**   California's wage and hour laws, including Labor Code §§ 510, 558, and 1194 and California Industrial Welfare Commission ("I.W.C.") Wage Order No. 4-2001 legally require Defendant Novartis to pay Plaintiffs and the Class overtime of one and one half times the normal rate for hours worked in excess of eight (8) in one workday and over forty (40) in one workweek, and overtime of twice the normal rate for hours worked in excess of twelve (12) in one workday and over 8 on the seventh day of work. As a result of Defendants' failure to compensate Plaintiffs for such overtime, Novartis must make restitution to Plaintiffs and the Class for all back overtime pay, plus interest, reasonable attorney's fees, and costs pursuant to § 1194.

10.     Novartis is also liable for civil penalties and attorneys fees pursuant to §§ 510, 558, and 2698 et. seq. and I.W.C. Wage Order 4-2001.

11.     **Lost Meal Period Penalties:**   California Labor Code §§ 226.7 and 512 and I.W.C. Wage Order No. 4-2001 require Defendant Novartis to provide Plaintiffs and the Class full and uninterrupted off-duty meal periods. Labor Code § 512 and I.W.C. Wage order No. 4-2001 mandate one meal period for work done for more than five (5) hours a day and an additional meal period for work done in excess of ten (10) hours a day.

12.     Defendant Novartis is liable for civil penalties and attorney's fees for forcing Class Members to work during the mandated meal periods pursuant to Labor Code §§ 226.7, 512, and 2698 et seq.

13. **Lost Rest Period Penalties and Pay:** California Labor Code § 226.7 and I.W.C. Wage Order No. 4-2001 require Defendant Novartis to authorize and permit Plaintiffs and the Class Members to take full and uninterrupted off-duty paid rest periods of ten (10) minutes for each four (4) hours worked.

14. Defendant Novartis is liable for civil penalties and attorney's fees for forcing Class Members to work during the mandated paid rest periods and for failing to compensate Class Members for the time worked pursuant to Labor Code §§ 226.7 and 2698 et seq.

15. Plaintiffs and the Class Members are further entitled to restitution under California Business and Professions Code § 17203 in the amount of  ten (10) minutes paid time for each rest period that Novartis did not authorize or permit.

16. **Failure to Provide Itemized Wage Statements**:  Novartis has not furnished each of the Class Members with timely itemized wage statements accurately showing total hours worked by each such Class Member and applicable hourly rates, as required by Labor Code § 226.

17. Consequently, pursuant to § 226 (e), Defendants owe each Class Member penalties for each pay period in which Novartis failed to provide the mandated wage statements.

18. Defendant Novartis is also liable for civil penalties and attorney's fees pursuant to Labor Code §§ 226.3 and 2698 et seq.

19. **Failure to Record and Maintain Accurate Payroll Records:**   Since at least March 2002, Novartis has violated Labor Code § 1174 and applicable I.W.C. Wage Orders by willfully failing to keep required payroll records showing the hours

5

worked daily by Class Members.  Consequently, pursuant to Labor Code §§ 1174.5 and 2698 et seq., Novartis is liable for a civil penalty and attorney's fees.

20.    **Failure to Timely Pay Former Employees**:  Defendant Novartis has willfully failed and refused, and continues to fail and refuse, to pay wages due for overtime compensation to former Class Members at the conclusion of their employment for those discharged and within seventy-two (72) hours of the conclusion of their employment for those who quit employment with Novartis, as required by Labor Code §§ 201 and 202.

21.    Accordingly Defendant Novartis is liable for civil penalties and attorney's fees pursuant to §§ 201, 202, and 2698 et seq.

22.    Plaintiffs and the Class are entitled to class-wide remedy, including injunctive relief, money damages, and all statutory penalties, plus interest, attorney's fees, and all other costs associated with Defendants' misconduct.

## II.    JURISDICTION

23.    This Court has jurisdiction pursuant to the Judicial Panel on Multidistrict Litigation's October 31, 2006, Order granting Defendants' Motion for Transfer of Actions to a Single District for Consolidated and Coordinated Pretrial Proceedings, pursuant to 28 U.S.C. § 1407, and by removal from a state court action following Notice of Removal dated May 5, 2006, and Order dated May 8, 2006.  This case has been consolidated with a similar New York action for the purpose of pretrial proceedings.

III.    **VENUE**

24.    Venue is proper in the District of California pursuant to 28 U.S.C. §§ 1391 (b)(2) and 1391 (c) because Defendant is subject to personal jurisdiction and resides in California.

25.    The Central District of California is the most logical forum to litigate the claims of the Class Representatives and the Class in the case because a substantial part of the acts and omissions giving rise to the claims occurred in this District.

IV.    **ADMINISTRATIVE EXHAUSTION**

26.    Plaintiffs have exhausted their administrative remedies, on behalf of themselves and the class, by sending a letter via certified mail dated December 22, 2006, to the Labor and Workforce Development Agency ("LWDA") and Defendants, notifying the agency and Defendants of Defendants' Labor Code violations, as required under the Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698 et seq.  On January 22, 2007, the LWDA informed Plaintiffs that it had received Plaintiffs' notice and that it did not intend to investigate the allegations.  Plaintiffs and the Class are thus entitled to proceed to litigate their §§ 2698 et seq. claims.

V.    **PARTIES**

A.    **PLAINTIFFS**

(i) **CATHERINE WHITE**

27.    **Plaintiff Catherine White** ("Ms. White") worked as a Sales Representative at Novartis in Los Angeles, California from approximately March 2001 until approximately February 2003.

28.     As a Sales Representative at Novartis, Ms. White worked in excess of eight (8) hours per day and forty (40) hours per week without payment of proper overtime compensation as required by California state wage and hour laws.

29.     Ms. White worked approximately twelve (12) hours to fourteen (14) hours daily for six days out of the week.  She was not permitted to take any rest breaks and was threatened with being "written up" for taking a lunch break.  Ms. White was also denied paid rest periods to which she was entitled under California law.

30.     During her employment with Novartis, Ms. White did not receive wage statements showing her total hours worked and applicable hourly rate, to which she was entitled under California law.

31.     Novartis did not keep records of Ms. White's total hours worked, as it was required to do under California law.

32.     When her employment ended with Novartis, Ms. White was not paid her owed overtime compensation.

33.      As a direct result of Novartis' unlawful conduct, Ms. White has suffered harm, injury, and damages in addition to being deprived of the wages, overtime, and other legal protections to which she was entitled under California law.

**(ii) <u>MINEL HIDER-TOBERTGA</u>**

34.     **Plaintiff Minel-Hider Tobertga** ("Ms. Hider-Tobertga") worked for Novartis as a Sales Consultant in Sacramento, California from approximately April 2001 to September 2004.

35.     As a Sales Representative at Novartis, Ms. Hider-Tobertga worked in excess of eight (8) hours per day and in excess of forty (40) hours per week without

payment of proper overtime compensation as required by California state wage and hour laws.

36.     Ms. Hider-Tobertga worked approximately twelve (12) hours to fourteen (14) hours for six days out of the week.  She was not permitted to take any rest breaks and was threatened with being "written up" for taking a lunch break.

37.     During her employment with Novartis, Ms. Hider-Tobertga did not receive wage statements showing her total hours worked and applicable hourly rate, to which she was entitled under California law.

38.     Novartis did not keep records of Ms. Hider-Tobertga's total hours worked, as it was required to do under California law.

39.     When her employment ended with Novartis, Ms. Hider-Tobertga was not paid her owed overtime compensation.

40.     As a direct result of Novartis' unlawful conduct, Ms. Hider-Tobertga has suffered harm, injury, and damages in addition to being deprived of the wages, overtime, and other legal protections to which she was entitled under California law.

**B.     DEFENDANTS**

41.     Defendant Novartis Pharmaceuticals Corporation is a wholly-owned operating division of Novartis Corporation specializing in the discovery, development, manufacture, and marketing of prescription medicine.   Novartis Pharmaceuticals Corporation is incorporated in Delaware and has offices in New York and New Jersey. Novartis Pharmaceuticals Corporation has Registered Agents in thirty-two (32) states, including California.

42.     Defendant Novartis Corporation is a corporation doing business within the State of California with its principal place of business and headquarters in New Jersey. Novartis Corporation is incorporated in the State of New York and is physically located at 608 Fifth Avenue, New York, New York, 10020.  Novartis Corporation has Registered Agents in California.

43.     Defendant Novartis Finance Corporation is a corporation doing business within the State of New York with its principal place of business and headquarters in New York.  Novartis Finance Corporation is incorporated in the State of New York and is physically located at 608 Fifth Avenue, New York, New York, 10020.  Novartis Finance Corporation has Registered Agents in California.   Novartis Finance Corporation is a wholly-owned subsidiary of Novartis Corporation.

44.     Defendant Novartis Services, Inc. is a corporation doing business within the State of New York with its principal place of business and/or headquarters in New York.  Novartis Services, Inc. is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.   Novartis Services, Inc. has Registered Agents in New York.  Novartis Services, Inc. is a wholly-owned subsidiary of Novartis Corporation.

45.     Defendants Novartis Corporation, Novartis Finance Corporation, and/or Novartis Services, Inc. direct the operations and decision-making of their wholly-owned subsidiary, Novartis Pharmaceuticals Corporation, and also maintain interrelationship of operations, centralized control of labor relations, common management, and/or common ownership and financial control with and over Novartis Pharmaceuticals Corporation.

All of the named Defendants actively participated in committing the wrongful acts alleged herein.

46.     At all relevant times, Novartis was and is legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs and Class Members.  Further, Novartis is responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior."  The conduct of Novartis managers and supervisors was at all relevant times undertaken as employees of Novartis, acting within the scope of their employment or authority in all of the unlawful activities described in each and all of the foregoing paragraphs.

47.     At all relevant times, upon information and belief, the unlawful conduct of Novartis managers or supervisors as described in each and all of the foregoing paragraphs took place within the authorized time and space limits set forth, approved or established by Novartis.  At all relevant times, the unlawful conduct against Plaintiffs and Class Members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Novartis.  At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Novartis and committed under actual or apparent authority granted by Novartis such that all of the aforementioned unlawful conduct is legally attributable to Novartis as the principal of its agents who worked as managers or supervisors.

## VI.      FACTUAL BACKGROUND

48.     Novartis operates and, at all times during the Class period, has done business in Los Angeles and elsewhere within California.

49.     On information and belief, the practices and policies that are complained of herein were enforced against more than hundreds of Sales Representatives employed in Los Angeles and elsewhere in California during the relevant Class period.

50.     Defendants are "employers" under California Industrial Welfare Commission Occupational Wage Order No. 4-2001, 8 Cal. Code of Reg. § 11040, and the provisions of this wage order apply to the Class.  Section 3 of this Wage Order requires employers to pay employees one and one-half times their normal hourly rate for hours worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the seventh day worked in a work week.  The Sales Representatives do not fall within any exemption to the overtime requirements of the Labor Code and applicable wage orders.

51.     Since at least March 2002, Novartis' Sales Representatives, including Plaintiffs, have regularly worked in excess of five (5) hours a day without being afforded a full and uninterrupted off-duty meal period of at least a half-hour in which they were relieved of all duties.  They have also regularly worked at least ten (10) hours a day without receiving a second full and uninterrupted off-duty meal period of at least a half hour in which they were relieved of all duties.  Novartis has known these facts and permitted, encouraged, and/or required Sales Representatives to forego these meal periods.  The Sales Representatives do not fall within any exemption to the meal period requirements of the Labor Code and applicable wage orders.

52.     Since at least March 2002, Plaintiffs and the Class Members have regularly worked over a four (4) hour period (or major fraction thereof) and Novartis has not authorized and permitted them to take a paid ten (10) minute rest period in which they were relieved of all duties.  Novartis has known these facts and suffered, permitted, encouraged, and/or required Plaintiffs and Class Members to forego these rest periods and has failed to compensate Plaintiffs for them.  The Plaintiffs and Class Members do not fall within any exemption to the rest period requirements of the Labor Code and applicable Wage Orders.

53.     Since at least March 2002, Novartis has failed to furnish each of their Sales Representatives with timely itemized wage statements accurately showing total hours worked and applicable hourly rates by each such Sales Representative.  The Sales Representatives do not fall within any exemption to the wage statement requirements of the Labor Code and applicable wage orders.

54.     Since at least March 2002, Novartis has failed to keep payroll records showing the hours worked daily by the Sales Representatives and the applicable hourly rates.

55.     Since at least March 2002, Novartis has failed to pay Sales Representatives at the end of their employment with Novartis their owed overtime compensation.

56.     Since at least March 2002, Novartis has violated the Unfair Competition Law, Business and Professions Code § 17200 et seq. ("UCL"), by the violations of California law as described above.

13

VII.   **CLASS ACTION ALLEGATIONS**

57.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382.  The Class that Plaintiffs represent is composed of and defined as follows:

58.    All persons who worked for Novartis Pharmaceuticals Corporation in the State of California as a Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Pharmaceuticals Corporation sales divisions or business units, including mass market, specialty, and select field forces from March 23, 2002, to the present.

59.     This action has been brought and by stipulation of parties and by court approval may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.    Numerosity: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Novartis has employed more than one hundred people as Sales Representatives in California during the Class Period.  Joinder of all members of the proposed class is not practicable.

b.    Commonality: There are questions of law and fact common to the Plaintiffs and the Class that predominate over any questions

affecting only individual members of the Class.   These common questions of law and fact include, without limitation:

(i)      Whether Novartis violated Wage Order No. 4-2001 and Labor Code § 510 by failing to pay overtime compensation to Sales Representatives who worked in excess of forty (40) hours per week and/or eight (8) hours a day.

(ii)      Whether Novartis violated Business and Professions Code § 17200 <u>et</u> <u>seq</u>. by failing to pay overtime compensation to Sales Representatives who worked in excess of forty (40) hours per week and/or eight (8) hours a day.

(iii)      Whether Novartis violated Wage Order 4-2001 and Labor Code §§ 226.7 and 512 by failing to afford Sales Representatives proper meal and rest periods.

(iv)      Whether Novartis violated Business and Professions Code § 17200 <u>et</u> <u>seq</u>. by failing to afford Sales Representatives proper meal and rest periods.

(v)      Whether Novartis violated Labor Code § 226 by failing to timely furnish each Sales Representative with a statement accurately showing the total hours the Sales Representative worked and the applicable hourly rates each pay period.

(vi)      Whether Novartis violated Business and Professions Code § 17200 <u>et</u> <u>seq</u>. by failing to timely furnish each Sales Representative with a statement accurately showing the

total hours the Sales Representative worked and the applicable hourly rates each pay period.

(vii)    Whether Novartis violated Wage Order 4-2001 and Labor Code §§ 226 and 1174 by failing to keep accurate records of employees' hours of work and the applicable hourly overtime rates.

(viii)   Whether Novartis violated Business and Professions Code § 17200 <u>et</u> <u>seq</u>.  by failing to keep accurate records of employees' hours of work and the applicable hourly overtime rates.

(ix)     Whether Novartis violated Labor Code §§ 201 and 202 by failing to pay overtime wages due and owing at the conclusion of Plaintiffs' and Class Members' employment with Novartis.

(x)      Whether Novartis violated Labor Code §§ 2698 <u>et</u> <u>seq.</u> by violating California Labor Code provisions §§ 201, 202, 226, 226.3, 226.7, 510, 512, 1174, and 1194 and I.W.C. Wage Order 4-2001.

(xi)     Whether Novartis violated Business and Professions Code § 17200 <u>et</u> <u>seq</u>. by failing to pay overtime wages due and owed at the time that Plaintiffs' and Class Members' employment was terminated with Novartis.

c.      Typicality: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Novartis' common course of conduct in violation of law as alleged herein.

d.      Adequacy of Representation: Plaintiffs are members of the Class and will fairly and adequately represent and protect the interests of the Class Members. Counsel who represent the Plaintiffs are competent and experienced in litigating large wage and hour and other employment class actions.

e.      Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of Novartis' illegal policies and/or practices of permitting, encouraging, and/or requiring Sales Representatives to work in excess of forty (40) hours per week and/or eight (8) hours per day, without paying overtime compensation, failing to provide proper meal periods and paid rest periods, failing to furnish proper wage statements, failing to keep proper records, and failing to pay Sales Representatives owed overtime wages at the conclusion of employment.  Class action treatment will allow those

17

similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

### FIRST CAUSE OF ACTION

**UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME**
**(WAGE ORDER NO. 4-2001;**
**LABOR CODE §§ 510, 558, 1194, 2698 et seq.)**

60.     Plaintiffs repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

61.     By their failure to pay overtime compensation as alleged above, the Defendants have violated and continue to violate the provisions of Labor Code § 510 and Wage Order 4-2001, which require overtime compensation be paid to non-exempt employees.

62.      By failing to keep adequate time records required by Labor Code §§ 226 and 1174(d), Novartis has made it difficult to calculate the overtime compensation due to Plaintiffs and the Class Members.

63.     As a result of Novartis' unlawful acts, Plaintiffs and Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorney's fees, and costs, pursuant to Labor Code § 1194.

64.      Further, Novartis is liable for civil penalties pursuant to Labor Code §§ 510, 558, and 2698 et seq.

65.     Pursuant to Labor Code §§ 510 and 2698 et seq., Novartis is liable for civil penalties for failure to provide overtime of one and one-half times the normal rate

for hours worked in excess of eight (8) in one workday and over forty (40) in one workweek as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not paid overtime; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not paid overtime.

66.    Pursuant to Labor Code §§ 510 and 2698 et seq., Novartis is also liable for civil penalties for failure to provide overtime of twice the normal rate for hours worked in excess of twelve (12) in one workday and over eight (8) on the seventh day of work as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not paid overtime; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not paid overtime.

67.    Pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 558 and 2698 et seq., Novartis is further liable for civil penalties for failure to provide overtime of one and one-half times the normal rate for hours worked in excess of eight (8) in one workday and over forty (40) in one workweek as follows: (1) for any initial violation, fifty dollars ($50) for each Class Member for each pay period during which the Class Member was not paid overtime of a rate of one and one-half time normal pay, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not paid overtime of one and one-half times normal pay, in addition to an amount sufficient to recover underpaid wages.

68.     Pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 558 and 2698 et seq., Novartis is also liable for civil penalties for failure to provide overtime of twice the normal rate for hours worked in excess of twelve (12) in one workday and over eight (8) on the seventh day of work as follows: (1) for any initial violation, fifty dollars ($50) for each Class Member for each pay period during which the Class Member was not paid overtime of a rate of twice time normal pay, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not paid overtime of twice normal pay, in addition to an amount sufficient to recover underpaid wages.

69.     Along with these penalties, Plaintiffs and the Class are also entitled to reasonable attorney's fees and costs pursuant to § 2699 (g)(1).

## SECOND CAUSE OF ACTION

### UNLAWFUL FAILURE TO PROVIDE FULL AND UNINTERRUPTED OFF-DUTY MEAL PERIODS
### (WAGE ORDER NO. 4-2001; LABOR CODE §§ 226.7, 512, AND 2698 et seq.)

70.     Plaintiffs repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

71.     Plaintiffs and Class Members were regularly worked in excess of five (5) and ten (10) hours a day without being afforded at least half-hour meal periods after five and then after ten hours of work in which they were relieved of all duties, as required by I.W.C. Wage Order No. 4-2001, §11(A) and Labor Code § 512.   Furthermore, in violation of I.W.C. Wage Order 4-2001 and Labor Code § 226.7, Plaintiffs and Class

Members were regularly forced to work through all of their statutorily mandated meal periods.

72.     Novartis is liable for civil penalties pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7, 512, 558, and 2698 et seq.

73.     Defendant Novartis is liable for civil penalties for forcing Plaintiffs and Class Members to work during the meal period mandated after five (5) hours of work pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was required to work during the day's first required meal period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class member for each pay period during which the Class Member was required to work through the day's first required meal period.

74.     Defendant Novartis is further liable for civil penalties for forcing Plaintiffs and Class Members to work during the second meal period mandated after ten hours of work pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was required to work during the day's second required meal period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was required to work through the day's second required meal period.

75.     Defendant Novartis is also liable for civil penalties pursuant to Labor Code §§ 512 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was

not provided the day's first required meal period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was  not provided the day's first required meal period.

76.     Defendant Novartis is also liable for civil penalties pursuant to Labor Code §§ 512 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the day's second mandated meal period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not provided the day's second mandated meal period.

77.     Defendant Novartis is further liable for civil penalties pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 558 and 2698 et seq. as follows: (1) for any initial violation, fifty dollars ($50) for each Class Member for each pay period during which the Class Member was not provided the first required meal period; and (2) for each subsequent violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the first required meal period.

78.      Defendant Novartis is further liable for civil penalties pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 558 and 2698 et seq. as follows: (1) for any initial violation, fifty dollars ($50) for each Class Member for each pay period during which the Class Member was not provided the second required meal period; and (2) for each subsequent violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the second required meal period.

79.     Along with these penalties, Plaintiffs and the Class are also entitled to reasonable attorney's fees and costs pursuant to § 2699 (g)(1).

### THIRD CAUSE OF ACTION

### UNLAWFUL FAILURE TO PROVIDE FULL AND UNINTERRUPTED PAID OFF-DUTY REST PERIODS (WAGE ORDER NO. 4-2001; LABOR CODE §§ 226.7 AND 2698 et seq.)

80.     Plaintiffs and the Class were regularly compelled to work over a four (4) hour period (or major fraction thereof) without Novartis authorizing and permitting them to take paid ten (10) minute rest periods in which they were relieved of all duties, as required by I.W.C. Wage Order 4-2001, § 12(A) and Labor Code §§ 226.7.

81.     Novartis is liable for civil penalties pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7 and 2698 et seq.

82.     Pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7 and 2698 et seq., Defendant Novartis is liable for forcing Class Members to work during the first required rest period for civil penalties as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the day's first mandated rest period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not provided the day's first mandated rest period.

83.     Defendant Novartis is further liable for civil penalties for forcing Class Members to work during the second required rest period as follows: for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the day's second mandated rest period; and

(2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not provided the day's second mandated rest period.

84.     Defendant Novartis is further liable for civil penalties for forcing Class Members to work during the third required paid rest period as follows: for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the day's third mandated rest period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not provided the day's third mandated rest period.

85.     Defendant Novartis is further liable for civil penalties for forcing Class Members to work during the third required paid rest period as follows: for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not provided the day's fourth mandated rest period; and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not provided the day's fourth mandated rest period.

86.     Defendant Novartis is also liable for civil penalties for not having compensated Class Members for the first paid rest period pursuant to I.W.C. Wage Order 4-2001 and Labor Code §§ 226.7 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each  Class Member for each pay period during which the Class Member was not compensated for the day's first mandated rest period, and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each

pay period during which the Class Member was not compensated for the day's first mandated rest period.

87.     Defendant Novartis is further liable for civil penalties pursuant to §§ 226.7 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class Member was not compensated for the day's second mandated rest period, and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not compensated for the day's second mandated rest period.

88.     Defendant Novartis is further liable for civil penalties pursuant to §§ 226.7 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class member was not compensated for the day's third mandated rest period, and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not compensated for the day's third mandated rest period.

89.     Defendant Novartis is further liable for civil penalties pursuant to §§ 226.7 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member for each pay period during which the Class member was not compensated for the day's fourth mandated rest period, and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not compensated for the day's fourth mandated rest period.

90.     Along with these penalties, Plaintiffs and the Class are also entitled to reasonable attorney's fees and costs pursuant to § 2699 (g)(1).

**FOURTH CAUSE OF ACTION**

## FAILURE TO FURNISH WAGE STATEMENTS
## (LABOR CODE §§ 226 AND 226.3)

91.    Plaintiffs repeat and reallege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

92.    California Labor Code § 226 (a) requires employers to furnish each employee with a statement that accurately reflects total number of hours worked and applicable hourly overtime rates in effect during the pay period at the time of each payment of wages or semi-monthly.  Labor Code § 226 (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

93.    Novartis knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish each Plaintiffs and Class Member with timely, itemized statements that accurately reflect total number of hours worked, as required by Labor Code § 226 (a), and Plaintiffs and Class Members suffered injury as a result. Consequently, Novartis is liable to Plaintiffs and Class Members for the amounts provided by Labor Code § 226 (e).

94.    Novartis knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish Plaintiffs and Class Members with timely, itemized statements listing applicable hourly overtime rates in effect during the pay period as required by Labor Code § 226 (a), and Plaintiffs and each Class Member

suffered injury as a result.  Consequently, Novartis is liable to Plaintiffs and Class Members for the amounts provided by Labor Code § 226 (e).

95.    Furthermore, Novartis is liable for civil penalties for having failed to provide wage statements that accurately reflect total hours worked pursuant to Labor Code §§ 226.3 and 2698 et seq. as follows: (1) in the amount of two hundred fifty dollars ($250) for each Class Member per initial violation of § 226 (a); and (2) one thousand dollars ($1000) for each Class Member per each subsequent violation.

96.    Novartis is further liable for civil penalties for having failed to provide wage statements that list applicable overtime rates pursuant to Labor Code §§ 226.3 and 2698 et seq. as follows: (1) in the amount of two hundred fifty dollars ($250) for each Class Member per initial violation of § 226 (a); and (2) one thousand dollars ($1000) for each Class Member per each subsequent violation.

97.    Along with these penalties, Plaintiffs and the Class are also entitled to reasonable attorney's fees and costs pursuant to § 2699 (g)(1).

**FIFTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS**
**(LABOR CODE §§ 1174, 1174.5, and**
**WAGE ORDER NO. 4-2001)**

98.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

99.    Novartis has violated I.W.C. Wage Order No. 4-2001 and California Labor Code § 1174 by willfully failing to keep required payroll records showing the hours worked daily by Sales Representatives.

100.     Novartis is liable for civil penalties pursuant to California Labor Code §§ 1174.5 and 2698 et seq. in the amounts set forth therein.

101.     Accordingly, Plaintiffs and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

102.     Pursuant to Labor Code §§ 1174.5 and 2698 et seq., Novartis is liable for a civil penalty of five hundred dollars ($500) per employee.

103.     Along with this penalty, Plaintiffs and the Class are also entitled to reasonable attorney's fees and costs pursuant to § 2699 (g)(1).

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY OWED WAGES UPON DISCHARGE FROM OR QUITTING EMPLOYMENT
### (LABOR CODE §§ 201 and 202)

104.     Plaintiffs repeat and reallege each and every allegation made in the foregoing paragraphs as if fully set forth herein.

105.     California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  Novartis failed and refused, and continues to fail and refuse, to pay owed overtime pay to the Plaintiffs and Class Members whose employment terminated, as required by Labor Code § 201.

106.     California Labor Code § 202 requires an employer to pay an employee who quits employment compensation due and owing within seventy-two (72) hours of quitting.  Novartis failed and refused, and continues to fail and refuse, to pay owed overtime pay to the Plaintiffs and Class Members who quit employment, as required by Labor Code § 202.

28

107.    Consequently, Novartis is liable for civil penalties pursuant to Labor Code §§ 201, 202, and 2698 et seq. in the amounts set forth therein.

108.    Accordingly, Plaintiffs and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

109.    Novartis is liable for civil penalties pursuant to §§ 201 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each terminated Class Member for each pay period during which the Class Member was not paid his or her owed overtime wages, and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not paid his or her owed overtime wages.

110.    Novartis is liable for civil penalties pursuant to §§ 202 and 2698 et seq. as follows: (1) for any initial violation, one hundred dollars ($100) for each Class Member who quit employment for each pay period during which the Class Member was not paid his or her owed overtime wages, and (2) for each subsequent violation, two hundred dollars ($200) for each Class Member for each pay period during which the Class Member was not paid his or her owed overtime wages.

111.    Along with this penalty, Plaintiffs and the Class are also entitled to reasonable attorney's fees and costs pursuant to § 2699(g)(1).

## SEVENTH CAUSE OF ACTION

**CALIFORNIA LABOR CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004
(LABOR CODE §§ 2698 et seq.)**

112.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-109 of this Complaint as if fully set forth herein.

113.   The policies, acts and practices heretofore described, including but not limited to, Novartis' failure to pay overtime wages, failure to provide meal and paid rest period breaks, failure to provide accurate wage statements, failure to keep adequate employment records, and failure to pay employees owed wages upon the conclusion of employment all violate sections of California Labor Code.  These give rise to statutory penalties as a result of such conduct, including but not limited to civil penalties as provided by Labor Code §§ 226.3, 558, 1174, and 2698 et seq. and applicable Industrial Welfare Commission Wage Orders. Plaintiffs, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and the Class of other current and former employees of Novartis against whom one or more violations of the Labor Code were committed.

114.   Plaintiffs have exhausted all administrative procedures required of them under Labor Code Sections 2698 et seq., and as a result, are justified as a matter of right in bringing forward this cause of action.

115.   Pursuant to California Labor Code Section 2699, Plaintiffs should be awarded twenty-five percent (25%) of all civil penalties due under California law, interest, attorney's fees and costs.

116.   Furthermore, the Court should award seventy-five percent (75%) of the civil penalties due under California §§ 2698 et seq. to the State of California.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION
### (BUS. & PROF. CODE §§ 17200 et seq.)

117.   Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

118.    Novartis' failure to pay legally required overtime compensation under the Wage Orders, Labor Code § 510 and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., failure to provide legally required meal and rest periods, failure to pay employees for their rest periods, failure to furnish Sales Representatives with timely statements accurately showing hours worked and applicable hourly rates, failure to keep proper time records under Labor Code § 1174, and failure to pay owed overtime wages upon termination or quitting of employment under Labor Code §§ 201 and 202 as alleged above, constitute unlawful and/or unfair and/or fraudulent activity prohibited by Business and Professions Code § 17200.

119.    The harm to Plaintiffs in being wrongfully denied lawfully earned overtime wages, meal periods, paid rest periods, wage statements, proper records, and being paid owed overtime upon discharge from or quitting of employment outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

120.    As a result of their unlawful and/or unfair and/or fraudulent acts, Novartis has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and Class Members.  Novartis should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and Class Members the wrongfully withheld overtime wages, as well as pay for each paid ten minute rest period, pursuant to Business and Professions Code § 17203.

121.    Accordingly, Plaintiffs and the Class respectfully request that the Court award judgment and relief in their favor as described herein.

## VIII.   DEMAND FOR JURY TRIAL

122.    Plaintiffs and the Class hereby demand a jury trial on all issues of fact or law so triable.

## IX.   PRAYER FOR RELIEF

123.    WHEREFORE, Plaintiffs on behalf of themselves and the Class Members they seek to represent in this action request the following relief:

A.    That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;

B.    That the Court find that Novartis has violated the overtime provisions of Labor Code § 510 and 1194 and Wage Order No. 4-2001 as to the Plaintiffs and the Class;

C.    That the Court find that Novartis has violated California Labor Code §§ 226.7, 512 and Wage Order No. 4-2001 by failing to afford Plaintiffs and Class Members and forcing them to work during full and uninterrupted off-duty meal periods;

D.    That the Court find that Novartis has violated California Labor Code §§ 226.7 and Wage Order No. 4-2001 by failing to afford and pay Plaintiffs and Class Members off-duty, paid rest periods;

E.    That the Court find that Novartis has violated California Labor Code § 226 by failing to timely furnish Plaintiffs and Class Members itemized statements accurately showing the total hours worked by each of them and the applicable overtime rates of hours worked;

G.      That the Court find that Novartis has violated the record-keeping provisions of Labor Code § 1174(d) and section 7 of the Wage Order as to Plaintiffs and the Class;

H.      That the Court find that Novartis has violated Labor Code §§ 201 and 202 for failure to pay all compensation owed at the time of termination or within seventy-two (72) hours of quitting of employment to Class Members;

I.      That the Court find that Novartis has violated Business and Professions Code §§ 17200 et seq. by failing to pay its Sales Representatives overtime compensation and waiting period penalties, by failing to keep proper time records, by failing to afford Sales Representatives full and uninterrupted off-duty meal periods, by failing to timely furnish Sales Representatives with statements accurately showing total hours worked, and by failing to pay owed wages after termination or quitting of employment;

J.      That the Court find that Novartis' violations as described have been willful;

K.      That the Court award to Plaintiffs and the Class damages for the amount of unpaid overtime compensation, including interest thereon, damages for failure to timely furnish statements accurately showing total hours worked and penalties, subject to proof, and to be determined, at trial;

L.      That Novartis be ordered and enjoined to pay restitution to Plaintiffs and the Class due to Novartis' unlawful and/or unfair activities, pursuant to Business and Professions Code §§ 17200 et seq.;

M.    That Novartis further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code §§ 17200 et seq., pursuant to § 17203;

O.    That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 226, 1194, and 2699(g)(1), Code of Civil Procedure § 1021.5 and/or other applicable law; and

P.    That the Court award such other and further relief as this Court may deem appropriate.

Dated: January 30, 2007                 Respectfully submitted,

_____/s Steven Wittels_____
Steven Wittels, SW-4635
Jeremy Heisler, N.Y. Bar No. 1653484
**SANFORD, WITTELS & HEISLER, LLP**
950 Third Avenue, 10th Floor
New York, NY 10022
Telephone: (646)723-2947
Facsimile:(646)723-2948

David Sanford, D.C. Bar No. 457933
Angela Corridan D.C. Bar No. 492978
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
1666 Connecticut Ave., NW, Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776

Ronald P. Ackerman Cal. Bar #159692
**LAW OFFICES OF RONALD P. ACKERMAN**
5855 Green Valley Circle, Suite 102
Culver City, CA 90203
Telephone: (310)649-5300
Facsimile: (310)649-4045

Attorneys for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served electronically

on January 30, 2007, to the following:


Richard H. Schnadig, Esq.
Jonathan A. Wexler, Esq.
**VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.**
222 North LaSalle St.
Chicago, IL 60601
(312) 609-7500

*Counsel for Novartis Pharmaceuticals Corporation*

Heather K. McDevitt, Esq.
Vincent R. Fitzpatrick, Jr. Esq.
**WHITE & CASE, LLP**
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

*Counsel for Novartis Corporation*


_____/s/_____
              Steven Wittels


36