UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Novartis Wage and Hour Litigation. | 06-MD-1794 (PAC) |

**<u>DECLARATION OF STACY L. ROE</u>**

I, Stacy Roe, declare as follows:

1. I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust"). My business address is 625 Marquette Avenue, Suite 880, Minneapolis, Minnesota 55402-2469. My telephone number is (612) 359-2812. I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2. Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. We have provided notification and/or claims administration services in more than 3,000 cases. Of these, more than 1,200 were Labor & Employment cases.

3. Rust was engaged by Counsel for the Plaintiffs and Counsel for the Defendants (collectively the "Parties") to provide Settlement administration services in the *In re Novartis Wage and Hour Litigation* Settlement (the "Settlement"). Duties included: a) preparing, printing and mailing of the *Notice of Proposed Settlement and Settlement Hearing for California Settlement Subclass I, New York Settlement Subclass I, and Federal Fair Labor Standards Act ("FLSA") Settlement Subclass I* (the "Class I Class Notice"); b) preparing, printing and mailing the *Notice of Proposed Settlement, Settlement Hearing, and Opportunity to Participate in Remaining States Settlement Subclass* (the "Remaining States Class Notice"); c) preparing, printing and mailing the *Notice of Proposed Settlement and Settlement Hearing; Opportunity to Participate by Opting in to the Federal Fair Labor Standards Act ("FLSA") Settlement Subclass II,* the *Opt-In and Release Form*, the *Opt-In and Release Form Instructions* and the pre-addressed return envelope (the "FLSA II Class Notice") (collectively known as the "Class Notices"); d) receiving and reviewing Opt-In and Release Forms; e) receiving and reviewing requests for exclusions; f) printing and mailing Settlement Awards; and g) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4. Rust obtained a mailing address of Novartis Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 2683, Faribault, MN 55021-9683 to receive Opt-In and Release Forms, requests for exclusion, undeliverable mail and other communications regarding the Settlement.

DECLARATION OF STACY ROE

5. Rust obtained a toll-free telephone number of (877) 251-1448 for Class Members to call the Claims Administrator with questions regarding the Settlement.

6. On or about January 25, 2012, Rust received the Court-approved text for the Class Notices from Counsel for the Plaintiffs. Rust prepared a draft of the Class Notices, which were approved by the Parties, and printed a sufficient number of Class Notices according to the anticipated Class size. A copy of the Class I Class Notice is attached hereto as Exhibit A. A copy of the Remaining States Class Notice is attached hereto as Exhibit B. A copy of the FLSA II Class Notice is attached hereto as Exhibit C.

7. On or about February 13, 2012, Counsel for the Defendants provided Rust with a mailing list containing the potential Class Members' names, last known addresses, Social Security numbers, Employee Identification numbers, telephone numbers and employment information during the Settlement Class Period (the "Class List"). The Class List contained data for 7,730 potential Class Members.

8. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notices.

9. On February 24, 2012, Rust mailed Class Notices to 7,730 potential Class Members contained in the Class List via First Class mail. Rust mailed: 2,206 Class I Notices; 2,788 Remaining States Notices; 2,520 FLSA II Notices to FLSA II Class Members; and 216 FLSA II Notices to Remaining States Class Members in North Carolina.

10. As of this date, one (1) Class Notice was returned by the Post Office with a forwarding address attached. Rust subsequently re-mailed a Class Notice to the Class Member via First Class mail.

11. Of the 7,730 Class Notices sent, Class Notices were returned as undeliverable for 81 potential Class Members. Of these undeliverable Class Notices returned for 81 potential Class Members, 34 updated addresses were obtained from potential Class Members who called Rust's

toll-free telephone number, and Class Notices were promptly re-mailed to these 34 updated addresses. Accordingly, Rust did not perform an address trace for these 34 undeliverable Class Notices. On all remaining undeliverable Class Notices, Rust performed an address trace in an effort to obtain a current address of the potential Class Member in question. The address trace utilized the potential Class Member's name, previous address and Social Security number for locating a current address. If a current address was obtained, Rust re-mailed the Class Notice to those potential Class Members within three (3) business days of obtaining the current address. If no updated address was obtained for a potential Class Member, Rust re-mailed the Class Notice to the potential Class Member's last known address. As of this date, eight (8) Class Notices were returned as undeliverable a second time. Rust performed an additional address trace on undeliverable Class Notices returned to Rust a second time, and re-mailed the Class Notice in accordance with the trace results.

12. As of this date, Rust received a total of 132 undeliverable Class Notices. Rust performed address traces on a total of 90 undeliverable Class Notices. Of the 90 traces performed, 31 updated addresses were obtained and Class Notices were promptly re-mailed to those potential Class Members via First Class mail. In addition, Rust attempted to contact approximately 69 potential Class Members via telephone where the Class Notice returned to Rust as undeliverable in order to obtain an updated address. Of the 69 telephone calls made to potential Class Members, Rust obtained approximately 22 updated addresses and promptly re-mailed Class Notices to those updated addresses via First Class mail. Rust was unable to obtain an updated address for approximately 47 Class Notices. These 47 Class Notices were re-mailed to the original undeliverable address. As of this date, eight (8) Class Notices were returned as undeliverable a second time.

13. As of this date, Rust obtained approximately 187 additional requests to re-mail a Class Notice via incoming calls from potential Class Members. As of this date, Rust re-mailed a total of approximately 209 Class Notices to updated addresses.

14. Rust received a request from the Parties to mail a reminder to FLSA II Class Members who had not submitted an Opt-In and Release Form. Rust prepared a draft of the

reminder postcard, which was approved by the Parties, and printed a sufficient number of reminder postcards. On March 26, 2012, Rust mailed a reminder postcard to 1,405 FLSA II Class Members who had not submitted an Opt-In and Release Form as of that date.

15. Rust received a request from the Parties to arrange for an automated outbound reminder call to FLSA II Class Members who had not submitted an Opt-In and Release Form. Rust prepared a draft of the automated outbound reminder message, which was approved by the Parties. On or about April 4, 2012, Rust arranged for an automated outbound reminder call to 1,204 FLSA II Class Members who had not submitted an Opt-In and Release Form as of that date. In addition, on or about April 5, 2012, Rust arranged for a second automated outbound reminder call to 1,204 FLSA II Class Members who had not submitted an Opt-In and Release Form as of that date. Of the automated outbound reminder calls to 1,204 FLSA II Class Members, approximately 547 automated outbound reminder calls were not successful due to an invalid telephone number, and/or failure to connect with the FLSA II Class Member. Per the request of the Parties, Rust performed telephone number traces on 547 unsuccessful telephone numbers. Of the traces performed, additional telephone numbers were obtained for 367 FLSA II Class Members. On or about April 12, 2012, Rust arranged for a third automated outbound reminder call to 367 FLSA II Class Members.

16. As of this date, Rust received 2,293 Opt-In and Release Forms, 2,115 from FLSA II Class Members and 178 from Class Members who received both FLSA II and Remaining States Class Notices. The 2,115 Opt-In and Release Forms represent 84% of the FLSA II Class Members. The 178 Opt-In and Release Forms represent 82% of the FLSA II and Remaining States Class Members. Of the 2,293 Opt-In and Release Forms received, 46 FLSA II Class Members submitted an Opt-In and Release Form with incomplete information. Rust received notification from the Parties that Counsel for the Plaintiffs contacted and asked these 46 FLSA II Class Members to supply the missing information. Of the 46 FLSA II Class Members who submitted incomplete Opt-In and Release Forms, as of this date, 42 Class Members re-submitted a complete Opt-In and Release Form and four (4) Opt-In and Release Forms remain incomplete.

17. As of this date, Rust has received one (1) request for exclusion.

DECLARATION OF STACY ROE

18. As of this date, Rust received zero (0) objections.

19. As of this date, Rust received notification regarding 21 self-identifying Class Members, who were not included in the Class List, to request inclusion in the Settlement ("Self-Identifiers"). Per the request of the Parties, Rust provided the Self-Identifiers' contact information to Counsel for the Defendants to investigate the Self-Identifiers' eligibility in the Settlement. In addition, as of this date, Rust received notification regarding two (2) Self-Identifiers who contacted Counsel for the Plaintiffs. Rust received notification from the Parties that Counsel for the Plaintiffs provided the Self-Identifiers' contact information to Counsel for the Defendants to investigate the Self-Identifiers' eligibility in the Settlement.

20. As of this date, Rust received notification from the Parties that two (2) of the Self-Identifiers are Class Members. Additionally, Rust received notification from the Parties that a third Self-Identifier, who contacted Counsel for the Plaintiffs, is to be included in the Class. Per the request of the Parties, on or about April 11, 2012, Rust mailed a Class I Notice package to two (2) of these Class Members. Rust is waiting to receive instruction from the Parties regarding the timeline to mail the Class I Notice package to the third Class Member.

21. As of this date, Rust received notification from the Parties that 19 Self-Identifiers are not Class Members, and Counsel for the Plaintiffs informed the 19 Self-Identifiers of the Parties' findings.

22. I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this Declaration was executed this 21st day of May 2012, at Minneapolis, Minnesota.

_____
Stacy Roe

DECLARATION OF STACY ROE

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served via the Court's Electronic Filing system on May 21, 2012, to the following:

>Evan R. Chesler
>Darin P. McAtee
>Cravath, Swaine & Moore LLP
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019-7475
>
>***Counsel for Novartis Corporation***

s/<br>
Kate Nelson