USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-31-12



RECEIVED
MAY 22 2012
CHAMBERS OF
HONORABLE PAUL A. CROTTY
U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

In re Novartis Wage and Hour Litigation     06-MD-1794 (PAC)

[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING WITH PREJUDICE

WHEREAS this matter comes before the Court on the joint request of Plaintiffs Simona Lopes, Minel Hider-Tobertga, Catherine White, Terri Kelly and Kelli Shannon and a class and collective action of persons similarly situated ("Class Representatives" or "Plaintiffs") and Defendant Novartis Pharmaceuticals Corporation ("Defendant") for

(1) final certification of the Settlement Class;

(2) final approval of the Settlement of this case as memorialized in the Settlement Agreement, dated January 25, 2012, including the award of service payments for the five Named Plaintiffs and twenty-one Deponents, expenses at $400,000.00 and attorneys' fees at 28% of the $99 Million Settlement Fund after expenses; and

(3) entry of an Order and Judgment dismissing this action with prejudice; and

WHEREAS, Plaintiffs and Defendant entered into the Agreement to settle this Class and Collective action; and

WHEREAS, the Court entered an Order Preliminarily Approving Settlement, dated January 25, 2012, preliminarily certifying the proposed Class for settlement purposes under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act, ordering Notice to Class Members, and scheduling a Final Fairness Hearing for May 31, 2012; and

WHEREAS, the Court has reviewed and considered the proposed Settlement Agreement

and the submissions of the parties in support thereof, and has held oral argument at the Final Fairness Hearing in this matter on May 31, 2012,

NOW THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Definitions. For purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" section of the Settlement Agreement.

2. Class Action Requirements. The Court finds that for the purpose of this settlement, the requirements of Federal Rule of Civil Procedure 23 have been met, in that:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members;

   c. The Settlement Class Representatives' claims are typical of the other Settlement Class Members' claims;

   d. The Settlement Class Representatives and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class and absent Settlement Class members. The Settlement Class Members retained counsel experienced in bringing class action and civil rights litigation.

3. Collective Action Requirements. The Court finds that for the purpose of this settlement, the requirements of the Fair Labor Standards Act have been met, in that:

   a. The FLSA Settlement Subclass II Members are similarly situated;

   b. Each FLSA Settlement Subclass II Member gave his or her consent in writing to become a party plaintiff in this action, and such consent is filed in this Court.

4. Certification of the Settlement Class. The requirements of Federal Rule of Civil

Procedure 23(b)(3) and the Fair Labor Standards Act having been met, the Court certifies the following Settlement Class for the purpose of effectuating the Settlement:

FLSA Settlement Subclass I:

*All persons who worked for Novartis Pharmaceuticals Corporation ("Novartis") as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2003 through April 7, 2007 and who filed Consent to Join as Party Plaintiff forms in the Civil Action in 2007 and June 2008. Henceforth, "Novartis" refers to Novartis Pharmaceuticals Corporation.*

California Settlement Subclass I:

*All persons who worked for Novartis in the State of California as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Division or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2002 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.*

New York Settlement Subclass I:

*All persons who worked for Novartis in the State of New York as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period March 23, 2000 through April 7, 2007 and who did not timely opt out of the Civil Action in 2007.*

FLSA Settlement Subclass II:

*All persons who worked for Novartis in the States of Alabama, Arizona, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Michigan, Mississippi, Nebraska, New Hampshire, North Carolina, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, West Virginia or Wyoming as a full-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces for at least one day during the period January 25, 2009 through the Preliminary Approval Date and who timely opt in to the Settlement by submitting an Opt In and Release Form and who are not FLSA Settlement Subclass I Members,*

*California Settlement Subclass I Members, New York Settlement Subclass I Members, or Remaining States Settlement Subclass Members.*

Remaining States Settlement Subclass:

*All persons who worked for Novartis in the States of Arkansas, Connecticut, Illinois, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Vermont, Washington and/or Wisconsin and/or the District of Columbia as a full-time, active Sales Representative or Sales Consultant, or in the States of Alaska, California or Puerto Rico as a full or part-time, active Sales Representative or Sales Consultant, including all non-manager job progressions from, and variations in, the Sales Representative and Sales Consultant titles in all Novartis Sales Divisions or Business Units, including Mass Market, Specialty and Select Field Forces during the Remaining States Settlement Subclass Eligibility Periods as defined below and who are not FLSA Settlement Subclass I Members, California Settlement Subclass I Members or New York Settlement Subclass I Members.*

| Work States | Remaining States Settlement Subclass Eligibility Period |
| --- | --- |
| Alaska, Arkansas, Connecticut, Illinois, Maryland, Massachusetts, Minnesota, Missouri, Montana, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, Wisconsin, District of Columbia and Puerto Rico | March 23, 2008 through the Preliminary Approval Date |
| California and New York | April 8, 2007 through the Preliminary Approval Date |
| Kentucky | March 23, 2006 through the Preliminary Approval Date |
| Maine and Vermont | March 23, 2005 through the Preliminary Approval Date |

5. Notice. The Court finds that dissemination of the Notice as provided for in the Preliminary Approval Order constituted the most effective and practicable notice, under the circumstances, to all Settlement Class Members concerning the pendency of this action, the proposed Settlement and the final fairness hearing, and constituted due and sufficient notice to all persons entitled to receive notice required by due process and Rule

4

23(b)(3) of the Federal Rules of Civil Procedure, the Fair Labor Standards Act and any other applicable law.

6. Final Approval of the Agreement. The Court finds that the proposed Agreement is APPROVED as fair, reasonable and adequate, pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil Procedure, and as meeting the applicable standards for settlement under the Fair Labor Standards Act. The Court further finds that each and every term, provision, condition and agreement of the Settlement Agreement, including all exhibits thereto, apply and are adopted, incorporated, and made part of this Judgment, as if copied herein in extensor, and shall be effective, implemented and enforced as provided in the Settlement Agreement.

7. Monetary Relief. Defendant is required to pay administrative settlement costs in the amount of $170,000.00 in addition to the monetary relief to the class in the total amount of $99,000,000.00, as fully set forth in the Settlement Agreement and allocated as follows:

   a. $233,500.00 committed to class representatives and deponents;
   b. $27,608,000.00 committed to attorneys' fees;
   c. $400,000.00 committed to reimbursement of litigation expenses; and
   d. $70,758,500.00 committed to class member settlement awards.

8. Service Awards. The Court approves the awards of compensatory damages and service awards ranging from $20,000 to $40,000 to the 5 Named Plaintiffs, and an award of $3,500 in service payments to each of the 21 deponents, as set forth in the Settlement Agreement, which the Court finds to be reasonable, fair and appropriate.

9. Jurisdiction. The Court finds that it has jurisdiction over the subject matter of the Action,

the Settlement Class Representatives, the other Settlement Class Members, and the Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Agreement and/or Judgment.

10. <u>Attorneys' Fees, Costs and Expenses.</u> The Court awards to Settlement Class Counsel Attorneys' fees in the amount of $~~$28,594,000.00~~ [handwritten: 27 603, 094 n] and costs and expenses in the amount of $400,000.00, which amounts the Court finds are fair, adequate and reasonable. The amounts shall be paid out of the Settlement Fund by the Claims Administrator no later than thirty (30) calendar days after the Effective Date as defined in the Settlement Agreement. [handwritten initials]

11. <u>Dismissal With Prejudice.</u> The Court finds that this Class and Collective Action is hereby DISMISSED WITH PREJUDICE.

12. <u>Confidential or Highly Confidential Information.</u> The Court hereby orders that all materials containing Confidential or Highly Confidential Information pursuant to the Protective Order entered in the Civil Action shall be returned to the producing party or destroyed by the party to whom those materials were produced within sixty (60) calendar days after the Effective Date as defined in the Settlement Agreement.

13. <u>Entry of Judgment.</u> There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED THIS 31st DAY OF May, 2012.

_____
Honorable Paul A. Crotty
UNITED STATES DISTRICT JUDGE